132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linus W. BOWMAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 97-35419.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the District of Idaho B. Lynn Winmill, District Judge, Presiding
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Linus W. Bowman appeals pro se the district court's Fed. R. Civ P. 12(b)(6) dismissal of his complaint for damages alleging that the United States' seizure of his property was unconstitutional. We review a Fed.R.Civ.P. 12(b)(6) dismissal de novo. See Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Bowman first contends that because he did not receive pre-seizure notice and an opportunity to be heard, the seizure of his real property was unconstitutional under United States v. James Daniel Good Real Property, 510 U.S. 43 (1993). We reject this contention because the rule announced in Good does not apply to Bowman's civil forfeiture case which was final on March 18, 1992. See United States v. One Parcel of Real Property, Located at Idaho Falls, Bonneville County, Idaho, No. 90-35732 (9th Cir. March 18, 1992) (affirming the district court's denial of Bowman's motion to set aside the summary judgment in favor of the United States); see also United States v. Real Property Located at 20832 Big Rock Drive, Malibu, Cal., 51 F.3d 1402, 1406 (9th Cir.1995) (holding that the rule in Good, that notice is required before real property is seized, applies retroactively to civil cases on direct review or those not yet final, but not otherwise).
 
 
 4
 Bowman next contends that he is entitled to damages or lost rents for the use of his real and personal property from the time it was seized until the time a legally sufficient civil forfeiture complaint was filed. This contention is meritless because Bowman's property was legally seized under the law at that time. See Big Rock Drive, 51 F.3d at 1406. Moreover, there is no authority to support Bowman's argument that the complaint filed by the government rendered the seizure illegal and, in any event, the validity of the forfeiture was affirmed on appeal. See One Parcel of Real Property, No. 90-35732.
 
 
 5
 Accordingly, the district court correctly granted the Fed.R.Civ.P. 12(b)(6) dismissal. See Lewis, 87 F.3d at 1545.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3